# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CORTEZ, et al.,<br><br>               Defendants. | Case No. 1:26-cv-01681-FRS (BAM) (PC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>ORDER VACATING ORDER FOR PLAINTIFF TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS FOR THE INSTANT ACTION (ECF No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN MAGISTRATE JUDGE TO ACTION AND CLOSE CASE |

Plaintiff Lucious Wilson ("Plaintiff"), a state prisoner proceeding pro se, originally lodged this complaint in *Wilson v. Bucato*, Case No. 1:23-cv-00023-KES-HBK (PC). Upon review, the Magistrate Judge in that action determined that the complaint was improperly filed and ordered that the lodged complaint be opened as a new action. (ECF No. 1.) Plaintiff was also directed to file an application to proceed in forma pauperis or pay the $405 filing fee within thirty (30) days of that order. (*Id.*) The instant action was therefore opened on March 2, 2026.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

1

of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. It appears the claim arose in Los Angeles County, which is in the Central District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 512 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is transferred to the United States District Court for the Central District of California;

2. In light of the transfer of this action, the order directing Plaintiff to pay the filing fee or file an application to proceed in forma pauperis for the instant action, (ECF No. 1), is VACATED; and

3. The Clerk of the Court is directed to assign a Magistrate Judge for the purpose of closing this case and to close this case.

IT IS SO ORDERED.

Dated: __**March 3, 2026**__          ___/s/ *Barbara A. McAuliffe*___
                              UNITED STATES MAGISTRATE JUDGE